JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
DRESICK FARMS, INC.

### DEFENDANTS
MIVCO PACKING COMPANY, LLC

**(b)** County of Residence of First Listed Plaintiff  FRESNO COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Marion I. Quesenbery, Rynn & Janowsky, LLP
P.O. Box 20799, Oakland, CA 94620
(510) 705-8894

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking (99) |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | **CIVIL RIGHTS** — **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [x] 891 Agricultural Acts |
| **REAL PROPERTY** |  | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act |  | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | **IMMIGRATION** |  |  |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee |  |  |
|  |  | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 U.S.C. section 499a et seq.

Brief description of cause:
Violation of Perishable Agricultural Commodities Act (failure to pay promptly) and breach of contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 267,025
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE: July 1, 2008
SIGNATURE OF ATTORNEY OF RECORD

Marion I. Quesenbery, Cal. SBN 072308
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone: (510) 705-8894
Facsimile: (510) 705-8737
E-mail: marion@rjlaw.com

Attorneys for Plaintiff
Dresick Farms, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRESICK FARMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MIVCO PACKING COMPANY, LLC, <br><br> Defendant. | CASE NO. C08-03175 <br><br> **COMPLAINT FOR VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT [7 U.S.C. §499b(4)] & BREACH OF CONRACT** |

Plaintiff Dresick Farms, Inc. ("Dresick Farms") complains and alleges as follows:

I.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, as this action arises under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499b(4). In addition, under 28 U.S.C. § 1367(a), this Court has jurisdiction of any state law claims and remedies by virtue of the Court's supplemental jurisdiction, because the state law claims form part of the same case or controversy and involve a common nucleus of operative facts. Venue is proper under 28 U.S.C. § 1391(b).

2. Plaintiff Dresick Farms is and was during all material times a California corporation, with its principal place of business in Huron, California.

COMPLAINT                                                                 1

3.    Plaintiff is informed and believes and thereon alleges that Defendant Mivco Packing Company, LLC ("Mivco") is and was during all material times a California limited liability company with its principal place of business in Salinas, California.

## II.

## INTRADISTRICT ASSIGNMENT

4.    This action arose in Salinas, California. Defendant Mivco's principal place of business is in Salinas, California. Plaintiff alleges in this Complaint that Defendant owes Plaintiff $267,025.00, pursuant to a contract in which Defendant Mivco agreed to purchase produce from Plaintiff. The contract was entered into in Salinas, California.

## III.

## FIRST CAUSE OF ACTION

### (Violation Of PACA: Failure To Pay Promptly And To Perform Duties Under The Contract)

5.    Plaintiff realleges and incorporates by reference paragraphs 1 through 5 of this Complaint as though fully set forth in this paragraph 6.

6.    Plaintiff Dresick Farms is and was at all relevant times engaged in the business of growing, packing, and shipping fresh fruit and vegetables.

7.    At all relevant times, Defendant Mivco sold and shipped perishable agricultural commodities – as defined by the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a *et seq.* ("PACA") – throughout the United States, and is and was licensed by the United States Department of Agriculture ("USDA") as a commission merchant, dealer, and/or broker of perishable agricultural commodities (USDA license #20000852).

8.    In or about December 2006, Plaintiff Dresick Farms and Defendant Mivco entered into a written contract in which Plaintiff agreed to grow fresh lettuce and Defendant agreed to purchase it for $534,050.00.

COMPLAINT                                   2

9. Although Plaintiff Dresick Farms grew the lettuce as agreed and delivered it to Defendant Mivco, Defendant only paid Plaintiff $267,025.00 of the sum owed. Specifically, Defendant Mivco failed to make a payment of $133,512.50 that was due on March 1, 2007, and it failed to make a payment of $133,512.50 that was due on April 1, 2007, and consequently, $267,025.00 remains well past due and still owing from Defendant Mivco to Plaintiff.

10. The Perishable Agricultural Commodities Act, 7 U.S.C. § 499b(4), provides that "it shall be unlawful" for "any commission merchant, dealer, or broker" – such as Defendant Mivco – to fail or refuse to "make full payment promptly" in respect to any transaction involving perishable agricultural commodities "to the person with whom such transaction is had" or "to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with such transaction."

11. By failing to make full payment promptly, as promised in its contract with Plaintiff Dresick Farms, Defendant Mivco violated 7 U.S.C. § 499b(4).

12. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has been damaged in the sum of $267,025.00.

13. In addition, the contract between Plaintiff and Defendant provides that should any action in law or equity be necessary to enforce the terms of the contract, the prevailing party shall be entitled to reasonable attorneys' fees and costs, including attorneys' fees and costs in bankruptcy proceedings.

IV.

**SECOND CAUSE OF ACTION**
(Breach of Contract)

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this Complaint as though fully set forth in this paragraph 14.

15. Plaintiff has fulfilled all of its obligations under the contract with Defendant Mivco; however, Defendant has failed to pay Plaintiff the sum that it agreed to pay for the fresh lettuce that Defendant purchased from Plaintiff.

16. Plaintiff has repeatedly demanded that Defendant pay the $267,025.00 that is well past due; however, in breach of its contract with Plaintiff, Defendant Mivco has failed to do so.

17. As a direct and proximate result of Defendant Mivco's breach of the contract with Plaintiff, Plaintiff have been damaged in the sum of $267,025.00, plus attorneys' fees and costs incurred in enforcing the contract.

**WHEREFORE**, Plaintiff Dresick Farms prays for judgment against Defendant Mivco as follows:

A.   For damages of $267,025.00;

B.   For interest at the highest rate allowable from the date the obligation became due and payable to Plaintiff until fully paid;

C.   For attorneys' fees and costs; and

D.   For such other and further relief as the Court may deem just and proper.

Date: July 1, 2008         RYNN & JANOWSKY, LLP

                           By: _____
                           MARION I. QUESENBERY
                           Attorneys for Plaintiff
                           Dresick Farms, Inc.

COMPLAINT                                        4